IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DILSON OSORIO VILLATORO | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 3:26-cv-02070-MJH |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| | ) | |
| Respondents, | | |

**ORDER**

Petitioner's Emergency Motion for Stay of Transfer and Temporary Restraining Order (ECF No. 2) is DENIED in part and GRANTED in part. Petitioner seeks to enjoin transfer outside of the Western District of Pennsylvania. This Court lacks authority to grant the requested relief, as the places of detention for aliens pending removal is left to the discretion of the Attorney General. 8 U.S.C. § 1231(g)(1). *See also Sinclair v. Atty Gen.*, 198 F. Appx 222 n.3 (3d Cir. 2006). Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security...." In *Khalil v. President, United States*, No. 25-2162, 2026 WL 111933, at *1 (3d Cir. Jan. 15, 2026), the Third Circuit held that the District Court lacks jurisdiction over any action or proceedings brought to remove an alien from the United States. Therefore, because the Court

lacks jurisdiction to enjoin both transfer and removal proceedings, Petitioner's Emergency Motion for TRO is DENIED.

While Petitioner's request for TRO is DENIED, Habeas jurisdiction has attached for this Petitioner with this Court and therefore the Court retains jurisdiction over this matter regardless of where the Petitioner is located. The Court has reviewed the petition and supporting materials and finds that the threshold issue concerns whether Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226, or whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 pursuant to the interpretation set forth in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) or *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). Based on this Court's decision in *Deh v. Warden Moshannon Valley Processing Center*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026) and the Third Circuit's decision in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the Court tentatively intends to grant relief in the form of a mandatory individualized bond hearing to be held before an immigration judge in the Third Circuit, applying Third Circuit law. A case management order will be entered by separate order.

Petitioner's TRO is GRANTED to the extent that the Court ORDERS that, pending a decision on Petitioner's Habeas Petition, if Petitioner is moved from the Moshannon Valley ICE Processing Center, Respondents are directed to file a Notice on the record advising of petitioner's new location.

BY THE COURT:

DATED: October 29, 2026

Marilyn J. Horan
United States District Judge